IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Davis, *et al.*, | ) | Case No. 4:17-cv-391-DCC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Horry County Council, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the Motion to Dismiss filed by Defendants
Robinson Aviation, Inc., Glenn Ray, John Griffin, William Tiller, and John P. Zell.  ECF
No. 215.  Plaintiffs filed a Response in Opposition, and the Defendants filed a Reply.  ECF
Nos. 220, 225.  Accordingly, the Motion is ripe for consideration.

**FACTUAL HISTORY[1]**

Plaintiffs are eleven individuals who claim prior employment with, or ownership of,
the business Skydive Myrtle Beach.  In March 2012, Plaintiffs made plans to open Skydive
Myrtle Beach, Inc. "to provide recreational skydiving activities at the Grand Strand
Regional Airport ["the Airport"] in Myrtle Beach, South Carolina, which is owned by Horry
County."  ECF No. 207 at 5.  During this period of time, the Airport was operated by Grand
Strand Aviation, Inc., and was known as "Ramp 66."  *Id.* at 6.  Ramp 66 and the Horry
County Department of Airports agreed to allow Skydive Myrtle Beach, Inc. to carry out
recreational skydiving activities at the Airport.  Despite this agreement, Robinson Aviation,
Inc., which was under contract to provide air traffic control and tower services to the

---

[1] In light of the procedural posture of the case, the Court views the allegations of the
Second Amended Complaint in the light most favorable to the Plaintiffs.

1

Airport, "initially balked" at permitting recreational skydiving, "stating that it was Robinson Aviation's policy not to allow skydiving at any of the airports at which Robinson provides tower management." *Id.* "Eventually, however, Robinson Aviation was required to back down since the Federal Aviation [Administration] ["FAA"] controls skydiving, and Robinson Aviation could not determine federal law on its own." *Id.*

On May 10, 2012, Skydive Myrtle Beach signed an eight-year lease with Ramp 66 "and also executed a Letter of Agreement with Ramp 66, the Airport tower, and the Horry County Department of Airports." *Id.* However, these parties never briefed Plaintiffs on the Airport's Landing Operations Area ("LOA") or provided Plaintiffs with an official airport operation brief. *Id.* From April to May 2012, Skydive Myrtle Beach "gained access and commenced skydiving." *Id.* On March 21, 2013, Horry County announced that it was resuming control of the Airport from Ramp 66. *Id.* Starting in May 2013, Ramp 66 attempted to make Skydive Myrtle Beach sign a new lease due to Horry County's takeover of the Airport, but Skydive Myrtle Beach refused. *Id.* However, on July 1, 2013, the Horry County Department of Airports required Skydive Myrtle Beach to sign "a space use permit" or to vacate the Airport property.[2] *Id.* This was intended to be a temporary measure until Horry County created new leases for all tenants. *Id.*

---

[2] The Second Amended Complaint provides conflicting dates for the signing of the space use permit. Initially, Plaintiffs contend Skydive Myrtle Beach was required to sign the permit on July 1, 2013. ECF No. 207 at 6. Later in the same paragraph, Plaintiffs state that Skydive Myrtle Beach "signed the space use permit on September 10, 2013. *Id.* However, on the next page of the Second Amended Complaint, Plaintiffs state that Skydive Myrtle Beach signed the space use permit on September 18, 2013. *Id.* at 7. While these inconsistencies are not determinative in any of the pending Motions to Dismiss, they highlight the convoluted and confusing nature of the Second Amended Complaint.

On September 13, 2013, the Airport and the Horry County Department of Airports notified Skydive Myrtle Beach that they were "interested in bringing in a bigger aircraft, in order to start to increase business." *Id.* at 6–7. On that day, Skydive Myrtle Beach asked when it would receive a new lease from Horry County and was told that it would take several more weeks. *Id.* at 7. According to Plaintiffs, a campaign of harassment began around this time. For example, on October 2013, Plaintiffs discovered that their business mail was not being forwarded from the front desk at the Airport and that there were lost parcels of mail and packages that were returned to sender. *Id.* Over the next few weeks, Plaintiffs were unilaterally told to relocate their landing zone to a smaller and less safe area, received no assistance in procuring permits and logistical support for skydiving activities, and obtained no resolution for their mail difficulties. *Id.*

This harassment continued, as the Horry County Department of Airports enlisted the support of a police officer to place restrictions on Plaintiffs' activities and accuse Plaintiffs of violating various Airport policies. *Id.* at 8. In January 2014, Skydive Myrtle Beach was fined by the Fire Marshall for a defective circuit panel, which Skydive Myrtle Beach had been asking the Horry County Department of Airports to fix. *Id.* at 9. Additionally, Plaintiff Aaron Holly began receiving emails from the Airport about jumpers landing outside of the approved landing area. *Id.* However, Plaintiffs did not receive any official communications from the FAA, and there was no official investigation by any federal authorities. *Id.* On top of these harassing communications, the Airport's tower began placing holds on Skydive Myrtle Beach while skydivers were in the air. *Id.* This cost Plaintiffs "a huge amount of money due to fuel and hours on the airplane." *Id.*

On February 5, 2014, Plaintiff Holly caught an Airport employee breaking into Plaintiffs' hangar with two unauthorized contractors. *Id.* This caused Skydive Myrtle Beach to shut down for two days to inspect its plane and equipment. *Id.* In response, Plaintiff Holly requested a meeting to clear the air with the Airport and FAA. *Id.* This meeting took place on February 7, 2014 but was unproductive. *Id.* After this meeting, Plaintiffs determined that the Airport was seeking to shut down Skydive Myrtle Beach. *Id.* While this harassment continued, Plaintiffs' "received a letter from Horry County attorney Randolph Haldi of allegations of violations, and a 72-hour notice to vacate" unless Skydive Myrtle Beach signed a new lease giving the Airport 24% of its gross profits. *Id.* at 10.

After months of confusion related to determining what rules and regulations the Airport expected Skydive Myrtle Beach to comply with, the tension between the parties escalated. *Id.* at 12. On September 1, 2015, the FAA wrote a letter to the Horry County Department of Airports stating that 91 violations were reported by the Airport. *Id.* at 13. As it turns out, the Horry County Department of Airports "and Robinson Aviation employees filed some 112 'safety violations' against the Plaintiff(s) during the period of March 29, 2013 and September 27, 2015" which were not investigated by the FAA. *Id.* On October 15, 2015, Plaintiffs received an email giving them 24 hours to vacate the hangar. *Id.* Plaintiffs complied with the request in order to avoid criminal charges. *Id.*

Plaintiffs contend that the alleged violations were unfounded, including some alleged violations that were said to have taken place on dates that Plaintiffs did not conduct jumps. In 2014, Plaintiffs filed a Complaint with the FAA in what is known as a Part 16 proceeding. The Complaint states that Horry County's "actions, including

4

attempts to restrict the landing area (Drop Zone or DZ) and reporting violations as 'safety concerns,' are unreasonably restrictive and discriminatory as applied to an FAA-recognized aeronautical activity—skydiving." *See Skydive Myrtle Beach, Inc. v. Horry Cty. Dep't of Airports*, FAA Docket No. 16-14-05, Director's Determination at 1 (Oct. 7, 2015). Randall S. Fiertz, Director of Airport Compliance and Management Analysis for the FAA, issued a Determination on October 7, 2015, which found that Horry County was not engaged in economic discrimination against Skydive Myrtle Beach and that "[u]nless immediate steps are taken, up to and including closure of the DZ, [Horry] County will be considered to be in violation of [a federal grant]."[3] *Id.* at 66.

Plaintiffs then filed an administrative appeal with the FAA, and the FAA issued a Final Agency Decision affirming the Director's Determination on August 4, 2016.[4] *Skydive Myrtle Beach, Inc. v. Horry Cty. Dep't of Airports*, FAA Docket No. 16-14-05, Final Agency Decision (Aug. 4, 2016). The Final Agency Decision advised Plaintiffs that they could petition for judicial review "in the United States Court of Appeals for the District of Columbia Circuit or in the Court of Appeals of the United States for the Circuit in which the [Plaintiffs reside] or [have their] principal place of business." *Id.* at 9. Plaintiffs filed an appeal of the Part 16 Determination in the Fourth Circuit; however, the appeal was untimely and denied by the Court. *Skydive Myrtle Beach, Inc. v. Horry Cty. Dep't of Airports*, 735 F. App'x 810 (4th Cir. 2018).

---

[3] https://part16.airports.faa.gov/pdf/16-14-05b.pdf.

[4] https://part16.airports.faa.gov/pdf/16-14-05.pdf.

## PROCEDURAL BACKGROUND

Initially, each Plaintiff filed factually identical cases pro se, naming a large group of Defendants in each lawsuit. ECF No. 199 (citing initial pro se cases). The Court "considered consolidating the matters for pre-trial handling and trial but concluded that because each of the [P]laintiffs was pro se, consolidation would be problematic." ECF No. 199. Indeed, while Plaintiffs' cases proceeded individually and pro se, there were a large number of dispositive motions filed, leading to extensive briefing, many rulings by the Court, and several Amended Complaints.

On July 10, 2018, nearly a year and a half after this federal litigation began, attorney Robert Bratton Varnado filed a Notice of Appearance on behalf of all Plaintiffs. ECF No. 191. The following day, Plaintiffs' counsel filed a Motion to Consolidate the individual cases and sought an extension of time to reply to the various pending dispositive motions. ECF No. 194. Generally, Defendants opposed consolidation, claiming defects in Plaintiffs' pleadings, failure to serve those pleadings or name Defendants uniformly, and prejudice resulting from consolidation prior to ruling on dispositive motions. *See* ECF Nos. 195–98.

On August 31, 2018, the Court consolidated the eleven cases pursuant to Federal Rule of Civil Procedure 42(a) and directed Mr. Varnado to file a consolidated Amended Complaint in *Davis v. Horry County Council*, 4:17-cv-391 by September 15, 2018. ECF No. 199. On September 11, 2018, Plaintiffs requested additional time to file their consolidated Amended Complaint, and the Court extended the deadline until October 1, 2018. ECF Nos. 200–01.

On October 1, 2018, Plaintiffs filed an Amended Complaint. ECF No. 203. On October 9, 2018, the Court entered a Text Order striking Plaintiffs' Amended Complaint because the Amended Complaint omitted Plaintiff Amanda Boulineau and added a party-plaintiff, Skydive Myrtle Beach, Inc., without authorization from the Court or consent from all Defendants. ECF No. 205. The Court directed Plaintiffs' counsel to file a Second Amended Complaint that complied with its August 31, 2018, Order within three days. *Id.* Plaintiffs filed a Second Amended Complaint in compliance with the Court's Order.[5] ECF No. 207. Thereafter, on October 16, 2018, the Court dismissed the other ten pro se cases so that the consolidated case could proceed without duplicative litigation. ECF No. 208.

Plaintiffs' Second Amended Complaint named five groups of Defendants: **(1)** Defendants Horry County Department of Airports, Pat Apone, Charles Bree, Chad Cox, Ed Dingley, Brett Cullen, Heather Solomon, John (or Jack) Teal, Tim Jackson, Horry County Council, Harold Worley, Mark Lazarus, Bill Howard, Jimmy Washington, Gary Loftus, Tyler Servant, Cam Crawford, Harold Phillips, Johnny Vaught, W. Paul Prince, Jody Prince, Al Allen, Lisa Bourcier, Arrigo Carotti, Randolph Haldi, and Frank Venegas (collectively, "Horry County Defendants"); **(2)** Defendants Robinson Aviation, Inc., Glenn Ray, Jack Griffin, Bill Tiller, and Phill Zell (collectively, "Robinson Aviation Defendants"); **(3)** Defendants USPA, Randy Ottinger, and Ed Scott (collectively, "USPA Defendants"); **(4)** Defendant FAA; and **(5)** Defendants James Cline, James Dangerfield, Howard Hollis, Gary Pendleton, Robert Giguere, Daryl McMillen, Herman Smith, Thomas Winston, Daniel Jones, and Larry Ayers (collectively, "Individual Federal Defendants"). ECF No.

---

[5] The caption of Plaintiffs' Second Amended Complaint does not precisely mirror the Defendants named in the Second Amended Complaint. However, the dispositive motions pending in this case dispose of all parties against whom claims have been filed.

207. Additionally, Plaintiffs named Defendant State of South Carolina "for the purpose of notice."[6]  *Id.* at 4–5.

Plaintiffs' Complaint alleges eleven causes of action: **(1)** Violation of 42 U.S.C. § 1983 as to Horry County Defendants; **(2)** Implied Constitutional Action for Damages Under *Bivens*[7] as to Individual Federal Defendants; **(3)** Civil Conspiracy as to All Defendants; **(4)** Fraud and/or Constructive Fraud as to All Defendants; **(5)** Violation of South Carolina's Unfair Trade Practices Act as to Defendant Robinson Aviation, Inc.; **(6)** Breach of Contract as to USPA Defendants; **(7)** Breach of Contract & Wrongful Eviction as to Horry County Defendants; **(8)** Breach of Contract – Letter of Agreement as to Horry County Defendants; **(9)** Trespass and Wrongful Held Property as to Defendants Tim Jackson, Jack Teal, Charles Bree, Arrigo Carotti; **(10)** Negligence and Negligent Misrepresentation as to All Defendants; and **(11)** Declaratory Judgment as to Defendants FAA and Horry County Department of Airports.

Following the filing of the Second Amended Complaint, Defendants filed a series of dispositive motions.  *See* ECF Nos. 212 (Motion to Dismiss by Defendant FAA); 213 (Motion to Dismiss by USPA Defendants); 214 (Motion to Dismiss by Individual Federal Defendants); 215 (Motion to Dismiss by Robinson Aviation Defendants); 216 (Motion to Dimiss by Horry County Defendants).  These Motions have been fully briefed, and the

---

[6] The Court previously dismissed the State of South Carolina as a party defendant.  ECF No. 77.  While Plaintiffs have named the State of South Carolina as a party defendant, they have alleged no cause of action relating to the State of South Carolina.  Accordingly, the State of South Carolina is not a valid party to this action.

[7] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Court heard oral arguments from the parties on April 30, 2019.  Accordingly, the Motions are ripe for review.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . .  Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted).  In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007).  Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

The Robinson Aviation Defendants first contend that Plaintiffs' Second Amended Complaint should be dismissed because the allegations "are still unclear, incomplete, inconsistent, and inadequate, and all of the allegations apparently still refer to actions taken in connection with" Skydive Myrtle Beach, not the specific Plaintiffs. ECF No. 215 at 5. Additionally, the Robinson Aviation Defendants allege that Plaintiffs improperly lump all Defendants together in their causes of action. *Id.* at 6. While the Court agrees that the Second Amended Complaint is, at times, difficult to follow, the Court holds that this alone does not warrant dismissal.

Second, the Robinson Aviation Defendants claim that Plaintiffs' Second Amended Complaint does not allege particularized damages as to each individual Plaintiff and that Plaintiffs do not have standing to bring the claims in this case. The Court has thoroughly reviewed the Second Amended Complaint, and agrees with the Robinson Aviation Defendants that Plaintiffs' allegations relate exclusively to Skydive Myrtle Beach's safety violations. Put differently, Plaintiffs' claims are related to their employment with Skydive Myrtle Beach, and Plaintiffs' damages are a result of the loss of employment with Skydive Myrtle Beach. This is insufficient to confer Article III standing.[8] *See Smith & Sons, Inc. v. S.C. Procurement Review Panel*, 20 F.3d 1311, 1317 (4th Cir. 1994) ("It is considered a 'fundamental rule' that '[a] shareholder—even the shareholder—does not have standing to assert claims alleging wrongs to the corporation.'" (quoting *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 736 (2d Cir. 1987))).

---

[8] If the Court were to reach the merits of Plaintiffs' claims, it would agree with the Robinson Aviation Defendants' arguments that Plaintiffs have failed to state a plausible claim for relief.

## **CONCLUSION**

For these reasons, Robinson Aviation Defendants' Motion to Dismiss, ECF No.

215, is **GRANTED**, and the Robinson Aviation Defendants are dismissed with prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 24, 2019
Spartanburg, South Carolina